UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA CONIGLIO and PRIMA PASTA DISTRIBUTORS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS CUCUZZA, DANIELA CUCUZZA, and APB DISTRIBUTIONS LLC, <br><br> Defendants. | 1:23-cv-02987 (NRM) (JAM) <br><br> **ORDER** |

NINA R. MORRISON, United States District Judge:

Plaintiffs Maria Coniglio ("Coniglio") and Prima Pasta Distributors, Inc. ("Prima Pasta") (collectively "Plaintiffs") filed an Amended Complaint on February 23, 2024, against Defendants Nicholas Cucuzza, Daniela Cucuzza, and APB Distributions LLC (collectively "Defendants"). Am. Compl., ECF No. 36. On March 29, 2024, Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defs.' Mem. Supp. Mot. to Dismiss 6 ("Defs.' Mem."), ECF No. 42-5. Plaintiffs oppose Defendants' motion. Pls.' Mem. Opp. Mot. to Dismiss ("Pls.' Opp."), ECF No. 40. For the reasons that follow, the Court grants Defendants' motion to dismiss in part.

In their motion, Defendants argue that the corporate plaintiff named in the case caption, Prima Pasta, lacks standing to bring the claims asserted in the Amended Complaint. Defs.' Mem. at 10. The Court agrees.

1

When a corporate plaintiff lacks "legal existence" under the laws of the jurisdiction in which it was formed at the time a lawsuit is filed, it also lacks Article III standing to sue. *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384 (2d Cir. 2021) (finding that limited liability company lacked Article III standing where it "did not legally exist when the case was filed"). In New York State, a corporation is dissolved when the New York Department of State, having determined that all consent and form requirements have been met, accepts and files a Certificate of Dissolution. *See* N.Y. Bus. Corp. Law §§ 104(e), 1004(a). However, a dissolved corporation may commence a lawsuit for the limited purpose of "winding up its affairs." N.Y. Bus. Corp. Law § 1005(a)(1); *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Strong Partitions Inc.*, No. 13 Civ. 6648, 2013 WL 6705040, at *2 (S.D.N.Y. Dec. 19, 2013) ("Courts in this district and New York state courts have held that a dissolved corporation can sue and be sued for obligations arising prior to their dissolution . . . ."). Under New York law, "winding up [a corporation's] affairs" involves certain limited acts taken in connection with the liquidation of the corporation. *See* N.Y. Bus. Corp. Law § 1005(a)(1)–(2).

Corporate Plaintiff Prima Pasta's Certificate of Dissolution was filed by the New York State Department of State on March 25, 2022. Am. Compl. ¶ 53. The New York State Department of Taxation and Finance subsequently consented to the dissolution, effective December 5, 2022. Am. Compl ¶ 54. Thus, Prima Pasta is a dissolved corporation under the laws of New York State. And its final dissolution

2

occurred four months before Plaintiffs commenced this lawsuit on April 20, 2023. *See* Compl., ECF No. 1.

Prima Pasta has not pled any facts in the Amended Complaint that suggest that it is still in the process of winding up its corporate affairs. As such, the Court concludes that Prima Pasta fully wound up its corporate affairs before commencing the current action and therefore lacks standing to sue. *See, e.g.*, *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17 Civ. 5553 (LGS), 2020 WL 7093592, at *6 (S.D.N.Y. Dec. 4, 2020) (finding that a dissolved corporation "which no longer exists[,] cannot move this Court for relief, as that would constitute an action other than 'winding up its affairs'").

Plaintiffs have also alleged that even if the corporation was fully dissolved before the lawsuit was initiated, Defendants falsified the dissolution by filing a fraudulent dissolution certificate. Pls.' Opp. at 10–11. However, Plaintiffs have not provided any cases to support their argument that even under these alleged circumstances, a dissolved corporation would have the authority to bring suit under New York law.

Accordingly, the Court finds that, based on the allegations in the Amended Complaint, Prima Pasta cannot sue under New York law and therefore lacks Article III standing to proceed with this action. Furthermore, the only federal claim in this action — a claim under the Lanham Act — was brought solely on behalf of Prima Pasta. *See* Am. Compl. ¶¶ 89–101. Since Prima Pasta lacks standing to sue, the Court dismisses the Lanham Act claim in the Amended Complaint.

Having dismissed the lone federal claim in this action, only Plaintiffs' state law claims remain. However, for the Court to adjudicate those claims, it would need to exercise its discretion to assert supplemental jurisdiction over this action, which is now based entirely on state law, under 28 U.S.C. § 1367. Whether the Court should do so is a question that the parties have not fully briefed in the pending Motion, nor is it one that this Court is prepared to decide *sua sponte*.

The parties are directed to contact the chambers of the Hon. Joseph A. Marutollo and schedule a settlement conference, which, if Judge Marutollo's calendar permits, shall be held by December 13, 2024.

If the parties do not settle the action, the parties are directed to file a supplemental joint letter within three business days of the settlement conference advising the Court whether they consent to remand this action to state court or whether either party wishes to have this Court assert supplemental jurisdiction over Plaintiff Coniglio's remaining claims. If they do not settle nor agree to remand the action, either party may submit, within ten days of the settlement conference, a supplemental letter brief of no more than five pages, addressing whether this Court should exercise supplemental jurisdiction over the remaining claims.

SO ORDERED.

/s/ NRM
NINA R. MORRISON
United States District Judge

Dated: September 30, 2024
       Brooklyn, New York

4